```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
                                                :
JOSHUA S. PRICE,                                :
                                                :
                        Plaintiff,              :    11 Civ. 6170 (TPG)
                                                :
        – against –                             :
                                                :    **OPINION**
CITY OF NEW YORK,                               :
                                                :
                        Defendant.              :
                                                :
------------------------------------------------x
```

Plaintiff, Joshua S. Price, is an inmate formerly housed at the Northern Infirmary Command, a New York City Department of Correction ("DOC") facility on Rikers Island. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that he was served food that made him sick for several days.

Defendant, the City of New York, moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The motion is granted.

## The Complaint

Plaintiff alleges that during the afternoon meal at the Northern Infirmary Command on July 2, 2011, he received food that smelled bad. Plaintiff further alleges that he complained to an officer, but that the officer said nothing was wrong with the food. He states that he had no choice but to eat the food. Plaintiff apparently ate the food.

On July 3, 2011, plaintiff allegedly became ill with severe stomach pain, diarrhea, vomiting, headache, and lightheadedness. He alleges that he was

sick until July 8, 2011, that he was largely unable to move during his illness due to pain and diarrhea, and that he missed a court appearance as a result.

Plaintiff states that he filed a grievance with the correctional facility regarding his claim. According to plaintiff, the result of his grievance was "nothing they have not responded." Plaintiff further states that he sent his grievance to Albany.

Plaintiff filed his complaint on July 23, 2011. He seeks financial compensation for his pain and suffering in the amount of $50,000. On October 19, 2011, the court granted plaintiff's request to proceed in forma pauperis. Plaintiff originally named as defendant "New York City Department of Correctional Services Food Administration." In an order of service dated October 25, 2011, the court stated that it was unclear whether such an entity exists but found that it was clear that plaintiff intended to sue the City of New York. As such, the court dismissed the New York City Department of Correctional Services Food Administration and added the City of New York as a defendant. On January 12, 2012, defendant moved to dismiss the complaint under Rule 12(b)(6). On January 24, 2012, defendant filed a certificate of service certifying that the motion papers had been served on plaintiff. To date, plaintiff has not responded to the motion.

Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Fed. R. of Civ. Proc., a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007);

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  Where a plaintiff is proceeding pro se, the complaint is held to a less stringent standard, and the court must construe the plaintiff's pleadings liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor, and may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A motion under Rule 12(b)(6) should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985) (internal quotations omitted).  It should also be granted where an affirmative defense or other reason barring relief is apparent from the face of the complaint.  Conopco, Inc. v. Roll Int'l et al., 231 F.3d 82, 86-87 (2d Cir. 2000).

Defendant argues that the complaint should be dismissed because:  (i) plaintiff has not exhausted his administrative remedies; (ii) plaintiff concealed deposits into his inmate account on his application to proceed in forma pauperis, warranting dismissal under 28 U.S.C. § 1915(a)(1); (iii) plaintiff has failed to sufficiently allege a constitutional violation; (iv) plaintiff's claims for compensatory damages are barred by Section 1997e(e) of the Prison Litigation Reform Act as he alleges only a de minimus physical injury; and (v) plaintiff has not adequately pled a basis for municipal liability.

Failure to Exhaust Administrative Remedies

Where Congress so requires, a plaintiff must exhaust administrative remedies prior to pursuing an action under 42 U.S.C. § 1983. See Giano v. Goord, 250 F.3d 146, 150 (2d Cir. 2001); Lawrence v. Goord, 238 F.3d 782, 785 (2d Cir. 2001); Nussle v. Willette, 224 F.3d 95, 97-98 (2d Cir. 2000).

Under the Prison Litigation Reform Act ("PLRA"), Congress has stated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or another Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision imposes a mandatory exhaustion requirement on incarcerated plaintiffs prior to filing an action in federal court. Woodford v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id., at 532.

The Supreme Court has recognized that the PLRA was enacted "to reduce the quantity and improve the quality of prisoner suits, and to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 524-25. The "administrative process can serve a constructive purpose in resolving inmate claims, remedying errors by prison officials, and streamlining and clarifying those issues that remain for a court to decide." Neal v. Goord, 267 F.3d 116,

122 (2d Cir. 2001).  The Second Circuit has stated that "courts must take care not to frustrate the policy concerns underlying § 1997e(a) by allowing inmate-plaintiffs to file or proceed with lawsuits before exhausting administrative remedies."  Id.

> The DOC has an established grievance procedure, which
>
>> requires the inmate to:  (1) file a complaint with the Inmate Grievance Review Committee ("IGRC") for informal resolution within five working days; (2) request a formal hearing before the [IGRC], with a recommendation to be made within three working days; (3) appeal to the facility warden, who must render a decision within five working days; (4) appeal to the NYCDOC Central Office Review Committee ("CORC"), who must issue a recommendation within twenty working days; and (5) appeal to the Board of Correction, who must issue a recommendation to the Commissioner within twenty working days.  The Commissioner must issue a final decision within ten working days of receipt of that recommendation.

Piper v. City of New York, 2004 U.S. Dist. LEXIS 29214, at *6 (S.D.N.Y. Mar. 16, 2004) (citing NYCDOC Reg. §§ III(B)(1)-(5)).  A prisoner's remedies are not exhausted until he proceeds through all the steps of the grievance procedure.  Martinez v. Williams, 349 F.Supp.2d 677, 682 (S.D.N.Y. 2004).  Furthermore, remedies must be exhausted *before* the suit is filed.  Neal, 267 F.3d at 122.  "Subsequent exhaustion after suit is filed therefore is insufficient."  Id.

In this case, the events giving rise to plaintiff's claim allegedly occurred beginning July 2, 2011, with the results lasting through July 8, 2011.  Plaintiff subsequently filed his complaint in this case on July 23, 2011.  Although his complaint states that he filed a grievance, there is no indication that he pursued his grievance through all steps of the procedure.  Furthermore, given the timelines for the grievance procedure outlined in the DOC's regulations, it

would have been impossible for him to do so in the 21 days between the alleged incident and the filing of his complaint. It is clear from the face of the complaint that plaintiff has failed to exhaust the administrative remedies available to him. As such, plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

Additional Grounds for Dismissal

As noted above, defendant also moves to dismiss plaintiff's complaint on the grounds that plaintiff concealed information on his in forma pauperis application; failed to sufficiently allege a constitutional violation; alleges only a de minimus physical injury, which is insufficient under the PLRA; and did not adequately plead a basis for municipal liability.

However, plaintiff's failure to exhaust his administrative remedies is a fully adequate grounds for dismissal. As such, the court need not reach these additional arguments, and to do so would frustrate Congress's purpose in requiring exhaustion of remedies under the PLRA.

Conclusion

Defendant's motion is granted. The case is dismissed. This opinion resolves the motion listed as item number 15 on the docket.

SO ORDERED.

Dated: New York, New York
August 30, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/12

Thomas P. Griesa
U.S. District Judge

- 6 -